HON. THOMAS S. ZILLY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT )<br>OF KATMAI FISHERIES, INC., AS        )<br>OWNER AND/OR OPERATOR OF THE   )<br>VESSEL KATMAI, OFFICIAL NUMBER )<br>918779, FOR EXONERATION FROM    )<br>AND/OR LIMITATION OF LIABILITY    )<br>_____ ) | Case No.  C09-0446TSZ<br><br>ANSWER AND CLAIM |

Pursuant to Supplemental Admiralty Rule F (5), Armond Harper as personal representative of the Estate of Glenn Harper (hereinafter referred to as Claimant), answers and makes claim in response to Plaintiffs' complaint for exoneration from and/or limitation of liability as follows:

### ANSWER

1.  Paragraph 1 of Plaintiffs' complaint is a jurisdictional statement to which no answer is required; to the extent an answer is required, Claimant admits only that this is an admiralty and maritime claim.

2.  Paragraph 2 of Plaintiffs' complaint is a jurisdictional statement to

ANSWER AND CLAIM - 1
Case No. C09-0446TSZ

BEARD STACEY<br>TRUEB & JACOBSEN, LLP<br>ATTORNEYS AT LAW<br>SEATTLE · ANCHORAGE<br><br>4039 - 21ST AVENUE WEST, SUITE 401<br>SEATTLE, WASHINGTON 98199<br><br>TELEPHONE (206) 282-3100

which no answer is required; to extent an answer is required, Claimant admits only

that this Court is only one of several courts in which venue may be proper.

3.      Claimant admits that at the time of filing of this action not more than

six months had elapsed since the sinking of the KATMAI.

4.      Claimant admits paragraph 4 of Plaintiffs' complaint.

5.      Claimant is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 5 of Plaintiffs' complaint and

therefore denies the same.

6.      Claimant admits only the following allegations of Plaintiffs' complaint

paragraph 6:  it is admitted that Katmai Fisheries, Inc. was one of the owners,

operators and managers of the KATMAI.

7.      Claimant denies paragraph 7 in its entirety.

8.      Claimant admits only that the KATMAI departed for Dutch Harbor on

or about August 13, 2008.  Claimant is without sufficient knowledge or information to

form a belief as to the remaining averments of paragraph 8 and therefore denies the

same.

9.      Claimant admits paragraph 9.

10.     Claimant denies paragraph 10, as various articles and wreckage were

recovered from the sunken vessel including the vessel's life rafts.

11.     Claimant is without sufficient knowledge or information to form a

ANSWER AND CLAIM - 2
Case No. C09-0446TSZ

BEARD STACEY
TRUEB & JACOBSEN, LLP
ATTORNEYS AT LAW
SEATTLE · ANCHORAGE

4039 · 21ST AVENUE WEST, SUITE 401
SEATTLE, WASHINGTON 98199

TELEPHONE (206) 282-3100

belief as to the averments of paragraph 11and therefore denies the same

12.     Claimant denies paragraph 12 in its entirety.

13.     Claimant denies paragraph 13 in its entirety

14.     Claimant denies paragraph 14  in its entirety.

15.     Claimant is without knowledge or information sufficient to form a

belief as to the truth of the factual averments of paragraph 15 of Plaintiffs' complaint

and therefore denies the same

16.     Claimant admits paragraph 16.

17.     Claimant is without knowledge or information sufficient to form a

belief as to the truth of the factual averments of paragraph 17 of Plaintiffs' complaint

and therefore denies the same

18.     Claimant is without knowledge or information sufficient to form a

belief as to the truth of the factual averments of paragraph 18 of Plaintiffs' complaint

and therefore denies the same

19.     Claimant is without knowledge or information sufficient to form a

belief as to the truth of the factual averments of paragraph 19 of Plaintiffs' complaint

and therefore denies the same.

20.     Claimant is without knowledge or information sufficient to form a

belief as to the truth of the factual averments of paragraph 20 of Plaintiffs' complaint

and therefore denies the same.

ANSWER AND CLAIM - 3
Case No. C09-0446TSZ

BEARD STACEY
TRUEB & JACOBSEN, LLP
ATTORNEYS AT LAW
SEATTLE  ANCHORAGE

4039 - 21ST AVENUE WEST, SUITE 401
SEATTLE, WASHINGTON 98199

TELEPHONE (206) 282-3100

21.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the factual averments of paragraph 21 of Plaintiffs' complaint and therefore denies the same.

22.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the factual averments of paragraph 22 of Plaintiffs' complaint and therefore denies the same.

23.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the factual averments of paragraph 23 of Plaintiffs' complaint and therefore denies the same.

24.     Claimant admits only that Plaintiffs' complaint paragraph 24 recites portions of the Limitation of Liability Act.  Claimant notes that Plaintiffs fail to include that 46 USC Sec. 30505 (a) specifically incorporates by reference 46 USC Sec. 30506 which, in part at sub paragraph (e), imputes to vessel owners the privity and knowledge of the master or owner's superintendent or managing agent, at or before the beginning of the voyage.  Claimant specifically denies that the Limitation of Liability Act is applicable to this case as the KATMAI'S loss was caused by the negligence and unseaworthiness of said vessel within the privity and knowledge of Plaintiffs.

25.     Claimant admits only Plaintiffs' "desire" to invoke the benefits of 46 USC Sec. 30501 and specifically denies that Plaintiffs are entitled to limitation or exoneration from liability.

ANSWER AND CLAIM - 4
Case No. C09-0446TSZ

BEARD STACEY
TRUEB & JACOBSEN, LLP
ATTORNEYS AT LAW
SEATTLE · ANCHORAGE

4039 · 21ST AVENUE WEST, SUITE 401
SEATTLE, WASHINGTON 98199

TELEPHONE (206) 282-3100

26.     Claimant denies that Plaintiffs are entitled to a continued injunction in this matter, and therefore denies Plaintiffs' prayer for relief contained in Plaintiffs' complaint paragraph 26.   Plaintiff denies all alleged entitlements and relief Plaintiff seeks in paragraph 26.

27.     Claimant admits only that Plaintiffs have not offered a stipulation for value and denies the remaining allegations of paragraph 27.

28.     Claimant only admits that Plaintiff has not posted security for the KATMAI.  Claimant denies any entitlements or rights asserted in paragraph 28.

29.     Claimant admits only that Plaintiff has posted some security for costs, but denies that the amount is true and correct.

## CLAIM FOR DAMAGES

Claimant, in his representative capacity as the personal representative of the estate of Glenn Harper (Harper), makes claims for damages against the Plaintiffs for all statutory beneficiaries of decedent Harper, which includes his minor daughter Saleena, and mother Martha Purifoy.  Claimant alleges and avers as follows:

1.     Claimant hereby files and asserts the following claims *in personam* and *in rem*.  Said claims are within the admiralty and maritime jurisdiction of this Court. Claimant demands trial by jury pursuant to the Jones Act, 46 USC §30104 et. seq. and upon dismissal of Plaintiffs' complaint for limitation of liability and/or exoneration from liability, Claimants seeks adjudication of their damages in State Court pursuant

ANSWER AND CLAIM - 5
Case No. C09-0446TSZ

BEARD STACEY
TRUEB & JACOBSEN, LLP
ATTORNEYS AT LAW
SEATTLE · ANCHORAGE

4039 · 21ST AVENUE WEST, SUITE 401
SEATTLE, WASHINGTON 98199
TELEPHONE (206) 282-3100

to the Savings to Suitors Clause, (28 USC 1333).

2.      Claimant is the duly appointed personal representative of the Estate of Glenn Harper.  Glenn Harper is referred to herein as Decedent.

3.      At the time of his death, Decedent was not married.  Decedent is survived by his minor daugther Saleena and his mother, Martha Purifoy.

4.      At all times relevant hereto, Harper was employed by Plaintiffs as a seaman aboard the KATMAI.  Plaintiffs are liable for the injury and death of Decedent under the Jones Act, the Death On the High Seas Act, and the general maritime law.

5.      On October 22, 2008 and at all other times relevant hereto, Plaintiff Katmai Fisherires Inc., was one of the owners, operators, charterers, and managers of the KATMAI.

6.      On October 22, 2008, due to the unseaworthiness of the KATMAI and the negligence of the Plaintiffs, the KATMAI sank and Decedent died.  At the time of his death, Decedent was just 35 years old.

7.      The unseaworthiness of the KATMAI, which was the legal cause of Decedent's injury and death, was within the privity and knowledge of Plaintiffs.

8.      The KATMAI was unseaworthy prior to its departure on its final voyage.  Plaintiffs are imputed with all unseaworthy conditions that preexisted the KATMAI'S final voyage.  A reasonably prudent owner in the exercise of reasonable care would have discovered said unseaworthy conditions and remedied those conditions prior to the vessel's departure.

ANSWER AND CLAIM - 6
Case No. C09-0446TSZ

BEARD STACEY
TRUEB & JACOBSEN, LLP
ATTORNEYS AT LAW
SEATTLE · ANCHORAGE

4039 · 21ST AVENUE WEST, SUITE 401
SEATTLE, WASHINGTON 98199

TELEPHONE (206) 282-3100

9.      The negligent acts and omissions of Plaintiffs, their agents, employees and officers that caused Decedent's injury and death was within the privity and knowledge of Plaintiffs.  A reasonably prudent employer exercising reasonable care for the safety of its crewmen would have prevented and avoided the sinking of the KATMAI.  The negligent acts and omissions of Plaintiffs played a part, no matter how small, in causing Decedent's death.

10.      Prior to his death, Decedent experienced severe predeath pain and suffering, emotional distress and physical injuries.

11.      The death of Decedent has destroyed his wage earning capacity, and he is unable to provide economic support for his statutory beneficiaries.

12.      As a result of his death, Decedent is unable to provide valuable services to his statutory beneficiaries including his daughter and his mother.

13.      As a result of his death, Decedent is unable to provide care, nurture and guidance to his daughter Seleena.

14.      As a result of Decedent's death, his legal beneficiaries have suffered pecuniary losses for which the Plaintiffs are liable.  Decedent's legal beneficiaries' damages first occurred on October 22, 2008 and are continuing in nature.

15.      Claimant makes claim for all damages permissible under the law, including damages for Decedent's predeath pain and suffering, emotional distress, and his beneficiaries' pecuniary losses including, but not limited to, loss of financial support, loss of services, and loss of care, nurture and guidance.

ANSWER AND CLAIM - 7
Case No. C09-0446TSZ

BEARD STACEY
TRUEB & JACOBSEN, LLP
ATTORNEYS AT LAW
SEATTLE · ANCHORAGE

4039 · 21ST AVENUE WEST, SUITE 401
SEATTLE, WASHINGTON 98199

TELEPHONE (206) 282-3100

16.     Decedent was not contributorily negligent in the cause of the sinking of the KATMAI.

17.     Decedent was not contributorily negligent in causing his own death.

18.     Claimant denies Plaintiffs are entitled to limitation of or exoneration from liability.

19.     Claimant incorporates by reference the allegations and statements of his complaint in King County Cause No. 09-2-02119-8SEA.

20.     To the extent a claim for a specific dollar amount is required to be made herein by Supplemental Admiralty Rule F (5), claimant makes demand and claim in the amount of 1.5 Million Dollars, or such further higher amount upon the evidence a jury may find to be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Claimant prays as follows:

1.     That the stipulation for value of zero be adjudged decreed and found not to be the true value of the KATMAI, its tackle, gear, equipment, fuel, licenses, permits, fishing quotas, and fishing rights, and that such value be ordered increased to reflect the true and accurate value of the KATMAI; and

2.     Plaintiffs' complaint for exoneration and limitation of liability be denied and the action dismissed; and

3.     Plaintiffs had privity and knowledge of unseaworthy conditions that were a legal cause of the sinking of the KATMAI and the injury and death of Glenn

ANSWER AND CLAIM - 8
Case No. C09-0446TSZ

BEARD STACEY
TRUEB & JACOBSEN, LLP
ATTORNEYS AT LAW
SEATTLE · ANCHORAGE

4039 · 21ST AVENUE WEST, SUITE 401
SEATTLE, WASHINGTON 98199

TELEPHONE (206) 282-3100

Harper; and

4.      Plaintiffs had privity and knowledge of negligent acts and omissions that were a cause of the sinking of the KATMAI and the injury and death of Glenn Harper; and

5.      The injunction against prosecution of claims against the Plaintiffs arising out of the sinking of the KATMAI be lifted and dissolved; and

6.      Claimant be entitled to elect to pursue his claims for damages in State Court with right to jury trial pursuant to the savings to suitor's clause, 28 USC 1331, and the holding of the SILVER PALM 94 F. 2d 776, 780 (9th Cir. 1937) or, in the alternative, that Claimants be found to be entitled to their damages claimed of $1,500,000; and

7.      Plaintiffs' prayers for relief be denied; and

8.      Judgment be entered finding Plaintiffs liable for the injury and death of Glenn Harper; and

9.      Claimant be awarded fees, costs and interest as may be permitted by law.

Dated this ____ day of May, 2009, at Seattle, Washington.

BEARD STACEY TRUEB
& JACOBSEN, LLP

James M. Beard, WSBA #13418
4039 - 21st Avenue W., #401
Seattle, WA 98199

ANSWER AND CLAIM - 9
Case No. C09-0446TSZ

BEARD STACEY
TRUEB & JACOBSEN, LLP
ATTORNEYS AT LAW
SEATTLE · ANCHORAGE

4039 - 21ST AVENUE WEST, SUITE 401
SEATTLE, WASHINGTON 98199

TELEPHONE (206) 282-3100

Telephone: 206-282-3100
Facsimile:  206-282-1149
jbeard@maritimelawyer.us
bstj@maritimelawyer.us
Attorneys for Claimant Armond Harper,
as Personal Representative of the Estate
Of Glenn Harper, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on May ___/___, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael A Barcott
mbarcott@hwb-law.com; .tgarbell@hwb-law.com; admin@hwb-law.com; mabseattle@aol.com

Theresa K Fus
tfus@hwb-law.com; theresa.fus@gmail.com

Michael H. Williamson
mwilliamson@hwb-law.com; kluckett@hwb-law.com; admin@hwb-law.com

Marianne V. Jadka

ANSWER AND CLAIM - 10
Case No. C09-0446TSZ

BEARD STACEY
TRUEB & JACOBSEN, LLP
ATTORNEYS AT LAW
SEATTLE · ANCHORAGE

4039 · 21ST AVENUE WEST, SUITE 401
SEATTLE, WASHINGTON 98199

TELEPHONE (206) 282-3100